UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIMBERLY COFFREY,

    Plaintiff,

v.

SEATTLE SERVICE BUREAU, INC. d/b/a
NATIONAL SERVICE BUREAU,

    Defendant.

Case No. 1:20-cv-07398

**COMPLAINT**

**NOW COMES** Plaintiff, KIMBERLY COFFREY through undersigned counsel, complaining of Defendant, SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU, as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

4. KIMBERLY COFFREY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 604 Joy Lane, Sleepy Hollow, Illinois 60118.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU ("Defendant") is a corporation organized and existing under the laws of the state of Washington.

1

7. Defendant maintains its principal place of business at 18912 North Creek Parkway, Suite 205, Bothell, Washington 98011.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and obtained an online personal loan from Personify Financial.

11. Personify Financial tailors the rates and terms of their loans to consumers' unique financial situations with APRs ranging from 35.00% to 99.00%.[2]

12. As result of financial hardship, Plaintiff's loan fell into default.

13. On or around August 5, 2020, Plaintiff's loan was referred for collection with an account balance of $4,158.60 – consisting of $3,505.74 in assigned principal and $652.86 in assigned interest.

14. Plaintiff's $4,158.60 loan balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Defendant sent Plaintiff a letter dated August 5, 2020, which stated:

> **ACCOUNT INFORMATION**
> Current Creditor: PERSONIFY FINANCIAL
> Assigned Principal: $3505.74
> Assigned Interest: $652.86
> Interest: $0.00
> Total: $4158.60
>
> Total Amount Due: $4158.60

---

[1] National Service Bureau, a debt recovery agency, was established in 1986 and is presently headquartered in Seattle, Washington. We hold tight to our roots as a family business but have grown organically into a nationwide debt collection agency. We bring a breadth of experience and a range of services to the recovery of delinquent accounts receivable. NSB has experience working debt collection for commercial, financial, retail, insurance, education, and medical clients. We have been looking after the interests of both creditors and consumers for nearly 30 years and we can help you collect on accounts past due.

[2] See https://www.personifyfinancial.com/rates-terms-and-licensing-information (last accessed December 14, 2020).

> The above listed account has been placed with our office for collections.
>
> Please remit your payment – or contact our office at (888) 786-0091 to make payment arrangements on your past due collections account.
>
> Thank you,
>
> JUSTIN BLACK
> Collection Specialist
>
> This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 day after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

16. The Letter misled Plaintiff as it stated, "Assigned Principal," "Assigned Interest," and "Interest" but did not disclose whether Plaintiff's balance is subject to further increase because of interest.

17. As noted above, the loan's underlying terms provided for interest.

18. However, the Letter doesn't clearly indicate that because of interest, Plaintiff may pay an amount greater than Plaintiff's $4,158.60 balance when Plaintiff actually chooses to make payment.

19. Courts have fashioned safe harbor provisions in connection with debt collectors' efforts to collect consumer debt subject to variable interest; Defendant's Letter doesn't provide appropriate language which would substantially accomplish said safe harbor provision's purpose.

## **DAMAGES**

20. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015). This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

21. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

22. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation. Here, the Letter misled Plaintiff into believing that payment of $4,158.60 will pay off her balance.

23. Confused and concerned with having had her rights violated, Plaintiff retained counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692g

25. Section 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    *the amount of the debt*;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

26. The Act regulates the debt collection tactics employed against personal borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark*, 214 F.3d 872, 875 (7th Cir. 2000).

27. In *Miller*, the Seventh Circuit found that section 1692g(a)(1) requires a dunning letter to state the total amount due on the date the letter was sent. *Id*.

28. In that case, the court suggested a "safe harbor" formula for complying with the statute.

29. The court held that the following language satisfies the debt collector's duty to state the amount of the debt in cases where the amount varies from day to day:

> "*As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].*"

*Id*. at 876.

30. Here, the Letter sent by Defendant, dated August 5, 2020, lists the amount due as $4,158.60.

31. However, there is no indication from the face of the Letter that the amount due was as of the date on the Letter or is subject to any other charges and fees.

32. An unsophisticated consumer could reasonably assume from the Letter that $4,158.60 would satisfy the debt, whether or not payment of that amount would in fact satisfy the debt.

33. Dunning letters have been found to be deceptive or misleading where it "leaves the door open" to an inaccurate assumption about the debt or is susceptible to two different interpretations, one of which is inaccurate. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004); *see also Russell v. Equifax*, 74 F.3d 30, 35 (2d Cir. 1996); *Ingram v. Corporate Receivables, Inc.*, 2003 U.S. Dist. LEXIS 7475 (N.D. Ill. May 2, 2003).

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(1) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692g(a)(1);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 14, 2020                         Respectfully submitted,

**KIMBERLY COFFREY**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com